IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHADEED RASTA, # 102061 | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:14-cv-02173 |
| MICHAEL DONAHUE, | ) ) Judge Nixon |
| Respondent. | ) ) |

## MEMORANDUM

Shadeed Rasta, a prisoner in state custody, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging his September 17, 2009 conviction in the Davidson County Criminal Court for first degree felony murder. (ECF No. 1, at 1.) Under Rule 4 of the Rules Governing § 2254 Cases, this Court is to promptly examine any petition filed under § 2254 and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth herein, the Court concludes that Petitioner's claims for relief are clearly barred by the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and are procedurally defaulted. 28 U.S.C. §§ 2254(b) & (c).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

---

[1] The statutory period may also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)–(D).

1

AEDPA also provides that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal habeas court to the state courts. 28 U.S.C. §§ 2254(b) & (c); *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398 (2011). If a claim has never been presented to the state courts, but a state court remedy is no longer available (e.g., when an applicable state statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). If a claim is procedurally defaulted, "federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Id.* at 750.

Petitioner pleaded guilty on September 17, 2009, to first degree felony murder and was sentenced to life without the possibility of parole. (ECF No. 1, at 1.) His conviction became final thirty days later, upon expiration of the time during which he could have filed a direct appeal to the Tennessee Court of Criminal appeals. Tenn. R. App. P. 4(a); *see also State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a "judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence"). Petitioner did not pursue a direct appeal or a state post-conviction action. He filed his first state application for writ of habeas corpus in Lauderdale County Circuit Court in October 2012,[2] and a second state habeas petition in Hardeman County Circuit Court on July 25, 2013. (ECF No. 1, at 3); *Rasta v. Donahue*, No. W2013-02100-CCA-R3HC, 2014 WL 1410303, at *1 (Tenn. Ct. Crim. App. Apr. 9, 2014), perm. to appeal denied (Aug. 27, 2014) Both petitions were denied, and the second denial was affirmed on appeal. *Rasta*, at *3. The only grounds Petitioner raised in his state habeas actions were: (1) that his conviction was void because his indictment failed to include essential elements of the underlying felony; and (2) insufficient evidence to sustain a conviction. *Id.* at *1.

---

[2] The petition asserts that the first state habeas action was filed on October 8, 2012; the state court of criminal appeals later reflected the date of filing as October 28, 2012. *Rasta v. Donahue*, No. W2013-02100-CCA-R3HC, 2014 WL 1410303, at *1 (Tenn. Ct. Crim. App. Apr. 9, 2014). Resolution of that conflict is not necessary to the outcome of this case.

The one year period within which AEDPA allowed petitioner to file a petition under § 2254 expired in October 2010, one year after the date on which his judgment became final, and his later state habeas corpus filings to not affect that expiration. The AEDPA tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations bar. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Petitioner has not alleged any facts establishing that his petition should be subject to the application of equitable tolling, and in fact has made no effort whatsoever to explain the untimeliness of his petition. (ECF No. 1, at 10 (leaving blank the space to explain why § 2244(d) does not bar the petition).) Accordingly, the petition is time-barred.

Additionally, Petitioner's current claims of ineffective assistance of counsel and that his plea was not made knowingly, intelligently or voluntarily have never been presented to the state courts for review as required by AEDPA. Because the time within which Petitioner could have raised such claims in a post-conviction petition expired in 2010, one year after his judgment became final, *see* Tenn. Code Ann. § 40-30-102, Petitioner's claims are procedurally defaulted, and he has failed to allege any facts that would constitute cause to excuse that default. Accordingly, federal habeas review of his claims is now barred. *Coleman*, 501 U.S. at 750.

This action will be summarily **DISMISSED**. An appropriate Order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT